**IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DISTRICT**

| | | |
|---|---|---|
| **SARA LEE CORPORATION,** | ) | |
| | ) | |
|     **Plaintiff,** | ) | **Case No. 09 C 3039** |
| | ) | |
|     v. | ) | **Magistrate Judge Morton Denlow** |
| | ) | |
| **KRAFT FOODS INC., and** | ) | |
| **KRAFT FOODS GLOBAL, INC.,** | ) | |
| | ) | |
|     **Defendants.** | ) | |
| | ) | |

## MEMORANDUM OPINION AND ORDER

Before the Court is Defendants' motion in limine to exclude certain deposition testimony and Plaintiff's cross-motion to admit the testimony. The motion presents the issue of whether and to what extent the Rule 30(b)(6) deposition of a non-party witness can be used at trial. Defendants Kraft Foods Inc. and Kraft Foods Global, Inc. (collectively "Defendants") object to the deposition testimony of a Rule 30(b)(6) witness who testified on behalf of non-party American Culinary ChefsBest, Inc. ("ChefsBest"), raising hearsay and lack of personal knowledge arguments. Plaintiff Sara Lee Corporation ("Plaintiff") responds that the Rule 30(b)(6) deposition may be admitted as that of an unavailable witness, and that the witness properly testified on matters reasonably within the corporation's knowledge. For the reasons explained below, the Court grants in part and denies in part the motion and the cross-motion.

## I. BACKGROUND FACTS

In this lawsuit, two of the nation's largest hot dog manufacturers accuse each other of false and deceptive advertising. Plaintiff, maker of Ball Park Franks, sued Defendants, who own the Oscar Meyer brand, and Defendants filed counterclaims. Relevant to these motions, Defendants accuse Plaintiff of misusing a ChefsBest taste test award, by employing it to promote products different from those that won the award.

The present motions involve deposition testimony by Scott Thompson, a ChefsBest employee. ChefsBest designated Thompson as the corporate representative to testify on its behalf, in response to Rule 30(b)(6) subpoenas issued by both Plaintiff and Defendants. Defendants also subpoenaed Thompson in his personal capacity. Both sides questioned Thompson at the same deposition. Defendants questioned Thompson primarily on the basis of his personal knowledge, while Plaintiff questioned him primarily in his capacity as a Rule 30(b)(6) witness. Among other things, Thompson testified about the steps that Plaintiff and Defendants took to comply with ChefsBest licensing policies. Plaintiff has designated Thompson as a potential witness to appear at trial by deposition.

## II. DISCUSSION

To use Thompson's deposition at trial, Plaintiff must overcome two layers of admissibility problems: first, whether Plaintiff may admit the deposition instead of live trial testimony, and second, whether Plaintiff may admit statements about which the third-party 30(b)(6) witness lacked personal knowledge. The Court addresses each issue in turn.

**A.  Thompson's Deposition Will be Admissible in Lieu of Live Testimony if**

**Thompson is More than One Hundred Miles from Chicago at the Time of Trial.**

Parties at trial generally must prove their cases with live testimony rather than depositions. This general rule is subject to numerous exceptions. Rule 32 of the Federal Rules of Civil Procedure sets forth a standard under which depositions may be used at trial:

> At a hearing or trial, all or part of a deposition may be used against a party on these conditions:
> (A) the party was present or represented at the taking of the deposition or had reasonable notice of it;
> (B) it is used to the extent it would be admissible under the Federal Rules of Evidence if the deponent were present and testifying; and
> (C) the use is allowed by Rule 32(a)(2) through (8).

Fed. R. Civ. P. 32(a)(1). The parties here do not dispute that Defendants were represented at Thompson's deposition, so the question becomes whether one of the situations listed in Rule 32(a)(2) through (8) will allow Plaintiff to use Thompson's deposition "to the extent it would be admissible under the Federal Rules of Evidence if [Thompson] were present and testifying." One of those listed situations is the deposition of an opposing party's Rule 30(b)(6) witness, but the witness here testified on behalf of a non-party. *See* Fed. R. Civ. P. 32(a)(3). Instead, Plaintiff points to the provision concerning unavailable witnesses, which states:

> A party may use for any purpose the deposition of a witness, whether or not a party, if the court finds:
>
> . . .
>
> (B) that the witness is more than 100 miles from the place of hearing or trial or is outside the United States, unless it appears that the witness's absence was procured by the party offering the deposition.

Fed. R. Civ. P. 32(a)(4)(B). Plaintiff argues that this rule applies because ChefsBest is a California corporation, and thus "located" more than 100 miles from Chicago. But Thompson, not ChefsBest, is the witness. Thus, the question becomes Thompson's location on the date of trial. The parties do not dispute that Thompson lives and works more than 100 miles from Chicago. Assuming Thompson does not come to Chicago for the trial, Plaintiff may use his deposition "to the extent it would be admissible under the Federal Rules of Evidence if [Thompson] were present and testifying." Fed. R. Civ. P. 32(a)(1)(B).

**B.     Plaintiff May Use the Deposition to Demonstrate Matters Within the Corporate Knowledge of ChefsBest.**

Whether Thompson's testimony "would be admissible under the Federal Rules of Evidence if [Thompson] were present and testifying" lies at the heart of this dispute. Fed. R. Civ. P. 32(a)(1)(B). Federal Rule of Evidence 602 forbids testimony on a matter "unless evidence is introduced sufficient to support a finding that the witness has personal knowledge of the matter." Defendants therefore argue against admitting testimony about which Thompson lacked personal knowledge.

Plaintiff counters that Rule 30(b)(6) permits testimony within the "personal" knowledge of the corporation, rather than the individual. The rule allows parties to depose a corporation through one or more representatives of the company's choice, and the "persons designated must testify about information known or reasonably available to the organization." Fed. R. Civ. P. 30(b)(6). This procedure alleviates a number of problems inherent to discovering information from business entities. It curbs the "'bandying' by which

officers or managing agents of a corporation are deposed in turn but each disclaims knowledge of facts that are clearly known to persons in the organization and thereby to it." Fed. R. Civ. P. 30, Notes of Advisory Committee on 1970 Amendments to Rules. It also protects organizations from having "an unnecessarily large number of their officers and agents [from] being deposed by a party uncertain of who in the organization has knowledge." *Id.*

Consistent with the purposes underlying the rule, a Rule 30(b)(6) witness may "testify not only to matters within his personal knowledge but also to 'matters known or reasonably available to the organization.'" *PPM Finance, Inc. v. Norandal USA, Inc.*, 392 F.3d 889, 894–95 (7th Cir. 2004) (quoting Rule 30(b)(6)). Conceptually, courts have attempted to square Rule 30(b)(6) with the personal knowledge requirement by explaining that a Rule 30(b)(6) witness "testifies 'vicariously,' for the corporation, as to its knowledge and perceptions." *Brazos River Auth. v. GE Ionics, Inc.*, 469 F.3d 416, 434 (5th Cir. 2006). When it comes to using Rule 30(b)(6) depositions at trial, strictly imposing the personal knowledge requirement would only recreate the problems that Rule 30(b)(6) was created to solve. For example, a party might force a corporation to "take a position" on multiple issues through a Rule 30(b)(6) deposition, only to be left with the daunting task of identifying which individual employees and former employees will have to be called at trial to establish the same facts. This Court, therefore, will not limit Thompson's testimony strictly to matters within Thompson's personal knowledge.

Given that some of Thompson's testimony may be admitted based on the corporate

knowledge of ChefsBest, the next question is how far the concept of "corporate knowledge" can be stretched. Few courts have addressed this issue, but the purposes underlying Rule 30(b)(6) must be balanced against the real dangers of admitting testimony based on hearsay. *See Deutsche Shell Tanker Gesellschaft mbH v. Placid Refining Co.*, 993 F.2d 466, 473 n.29 (5th Cir. 1993) (corporate representative may not repeat "rank hearsay"). For instance, the Court doubts that a Rule 30(b)(6) witness should be allowed to testify about the details of a car accident in lieu of the corporation's truck driver who actually witnessed the event. If he could, Rule 30(b)(6) would severely undercut the requirement, fundamental to our adversary system, that fact witnesses have personal knowledge of the matters upon which they testify.

The dangers of testimony based on corporate knowledge multiply where the Rule 30(b)(6) witness is a third party rather than an opposing party. When courts allow one party to admit Rule 30(b)(6) testimony from the opposing party, little concern arises about whether the opposing party was able to meaningfully cross-examine the statements of its own representative. *See* Fed. R. Evid. 801(d)(2) (defining admissions by a party-opponent as non-hearsay). The concern about meaningful cross-examination is much greater with third-party Rule 30(b)(6) testimony; if the witness lacks personal knowledge, there may be little chance to meaningfully cross-examine the witness at the deposition.

Thus, at least where the Rule 30(b)(6) witness is a non-party, the admission of testimony based on corporate knowledge should be limited to topics that are particularly suitable for Rule 30(b)(6) testimony. Cf. Brazos River Auth., 469 F.3d at 434 (looking to whether Rule 30(b)(6) testimony was a matter of the corporation's "collective knowledge or

subjective belief"). Such topics include matters about which the corporation's official position is relevant, such as corporate policies and procedures, or the corporation's opinion about whether a business partner complied with the terms of a contract. Non-party Rule 30(b)(6) testimony is less appropriate for proving how the parties acted in a given instance.

Here, Thompson's deposition testimony may be admitted for purposes of explaining ChefsBest's licensing policies and establishing whether ChefsBest ever believed that one of the parties had violated those policies. If at trial Plaintiff seeks to admit portions of Thompson's deposition for some other purpose, the Court will consider whether the underlying corporate knowledge is sufficiently reliable to substitute for personal knowledge. The Court defers ruling on which specific portions of the deposition may be admitted.

C.  **Exceptional Circumstances Do Not Permit the Admission of Otherwise Inadmissible Testimony.**

Plaintiff also argues that exceptional circumstances favor admitting the balance of Thompson's testimony, to the extent it is not otherwise admissible. Plaintiff invokes Rule 32(a)(4)(E). But that provision only speaks to the issue of admitting depositions in lieu of live testimony if a witness is unavailable. Along with the "100 mile" rule discussed above in Part II.A, "exceptional circumstances" are one of five situations in which a witness will be considered unavailable under Rule 32. And as with the "100 mile" rule, the testimony becomes admissible only "to the extent it would be admissible under the Federal Rules of Evidence if the deponent were present and testifying." Fed. R. Civ. P. 32(a)(1)(B). As a result, the "exceptional circumstances" provision does not change the analysis here.

## III. CONCLUSION

For the reasons set forth in this opinion, the Court grants in part and denies in part Plaintiff's and Defendants' motions in limine regarding Rule 30(b)(6) testimony.

**SO ORDERED THIS 2nd DAY OF AUGUST, 2011.**

_____
**MORTON DENLOW
UNITED STATES MAGISTRATE JUDGE**

**Copies sent to:**

| | |
|---|---|
| Richard J. Leighton | Stephen J. O'Neil |
| Douglas J Behr | Michael E. Martinez |
| Hesham M. Sharawy | J. Michael Keyes |
| Scott M. Abeles | Jeffery T. Peterson |
| Keller and Heckman LLP | Sangmee Lee |
| 1001 G Street, N.W., Suite 500 West | K&L Gates LLP |
| Washington, D.C. 20001 | Three First National Plaza |
| | 70 West Madison Street, Suite 3100 |
| | Chicago, Illinois 60602 |
| Charles H. Cole | |
| Schuyler, Roche, & Crisham, P.C. | Counsel for Defendants |
| 130 East Randolph Street, Suite 3800 | |
| Chicago, IL 60601 | |

Counsel for Plaintiff